# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL LEE TRYON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-14-1140-STE |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412. (ECF No. 28). Specifically, Plaintiff seeks an award of fees in the amount of $6,004.00. Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

I.     **ATTORNEY FEES AUTHORIZED UNDER EAJA**

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS THE PREVAILING PARTY

Previously, the undersigned ordered reversal of the Commissioner's decision denying Plaintiff's application for disability benefits and supplemental security income and a remand for further administrative proceedings (ECF Nos. 26 & 27). The reversal was based on the ALJ's improper evaluation of the opinions from a treating physician, Dr. Mark Winchester, and an "other source," case manager Kimberly Sawyer. (ECF No. 26:4-13). With the reversal and remand, Mr. Tryon is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

Dr. Winchester had completed a "Physical Residual Functional Capacity" form where he provided several opinions regarding Mr. Tryon's limitations. (ECF No. 11:552-

555). The ALJ recited Dr. Winchester's findings, but stated that he gave the opinion "little weight," due to Mr. Tryon's ability to engage in particular activities of daily living. (ECF No. 11:36-37). Relying on *McGoffin v. Barnhart*, 288 F.3d 1248 (1252), the Court concluded that the ALJ's sole reliance on daily activities was an insufficient basis on which to reject a treating physician's opinion and that the ALJ had failed explain how, exactly, Mr. Tryon's daily activities were inconsistent with Dr. Winchester's opinions. (ECF No. 26:5-9).

Ms. Sawyer, Plaintiff's case manager at Red Rock Behavioral Health Services, completed a mental impairment questionnaire which documented Mr. Tryon's mental work-related abilities and limitations. (ECF No. 11:562-568). The ALJ gave Ms. Sawyer's opinions little weight, providing three reasons: (1) Ms. Sawyer was not an acceptable medical source, (2) Ms. Sawyer's opinions would only be provided consideration to the extent that they were consistent with other records from Red Rock, and (3) Mr. Tryon was able to perform certain daily activities. (ECF No. 11:35).

As noted by the Court, the ALJ was entitled to consider Ms. Sawyer's level of expertise in weighing her opinion. (ECF No. 26:10). But even so, that factor alone did not excuse the ALJ's duty to evaluate and explain his treatment of Ms. Sawyer's opinion. As explained by the Tenth Circuit Court of Appeals, opinions from individuals who are not "technically acceptable medical sources" "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (internal citation omitted); *see* SSR-06-3p, 2006 WL 2329939, Westlaw op. at 2 (stating that

information from other sources "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.").

Next, the Court held that the ALJ had engaged in an impermissible selective review of the evidence to reject Ms. Sawyer's opinion. (ECF No. 26:11). The ALJ had improperly relied on a single piece of evidence from Red Rock to reject Ms. Sawyer's opinion and had ignored the bulk of treatment notes which had supported the opinion. (ECF No. 26:11).

Finally, the Court held that the remaining rationale, a reliance on daily activities was insufficient, by itself to uphold the ALJ's rejection of Ms. Sawyer's opinions. (ECF No. 26:12).

In arguing that the Commissioner's position was "substantially justified," Ms. Colvin primarily argues that the record as a whole supported the ALJ's rejection of Dr. Winchester's opinions. (ECF. No. 29:3-8). Specifically, Defendant states that "an ALJ's consideration of medical source opinions does not occur in a vacuum but rather is within the larger context of assessing a claimant's ultimate residual functional capacity." (ECF No. 29:6). Ms. Colvin then cites: (1) the ALJ's reliance on State Agency physicians' opinions and (2) other evidence cited by the ALJ in the decision as sufficient evidence to support the RFC. (ECF No. 26:5-7). The Court concedes that an RFC assessment is to be based on the record as a whole. *See* 20 C.F.R. §§ 404.1545, 416.945. But Ms. Colvin's argument ignores well-established Tenth Circuit law which prohibits an ALJ from engaging in selective review of the medical evidence, and requires that an ALJ provide a proper explanation to support his rationale in rejecting medical and other source evidence. *See*

*Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (reasons provided for rejecting treating physician's opinion must be "sufficiently specific" to permit meaningful appellate review); Social Security Ruling 06-3p, Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *5 (Aug. 9, 2006) (in evaluating "other source" evidence, the ALJ should explain the weight given to the "other source," or otherwise ensure that the decision allows a reviewing party to follow the adjudicator's reasoning).

Even if the ALJ had provided other rationales in support of the RFC, the fact remains that he committed legal error in his evaluation of opinions from Dr. Winchester and Ms. Sawyer. These legal errors prevent the Court from concluding that the Commissioner's position is substantially justified.

## IV. AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of **$6,004.00**, calculated as follows: 5.3 hours of work performed by her attorney in 2014 at a rate of $190.00 per hour, 25.20 hours of work performed by her attorney in 2015 at a rate of $190.00 per hour, and 1.10 hours of work performed by her attorney in 2016 at a rate of 190.00 per hour. (ECF No. 28-1). Mr. Saunders has provided a detailed breakdown of time expended in representing Mr. Tryon, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Plaintiff has requested an upward adjustment of the statutory rate, but Mr. Saunders has provided no documentary basis to support the hourly increase. However, the Court takes judicial notice of the fact that the Office of the General Counsel of the Social Security Administration has authorized the maximum hourly rates for attorney work in Oklahoma in 2014, 2015, and 2016 to be $190.00. *See* Memorandum Opinion and Order, *Tomlinson v. Colvin*, Case No. CIV-15-699-STE (W.D. Okla. September 22, 2016). At the hourly rate of $190.00 for 5.3 hours of work performed in 2014, the Court awards $1,007.00. At an hourly rate of $190.00 for 25.2 hours of work in 2015, the Court awards $4,788.00. And at an hourly rate of $190.00 for 1.10 hours of work in 2016, the Court awards $209.00.

The Court therefore finds that the Plaintiff is entitled to a total attorney fee award in the amount of **$6,004.00.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C.

§ 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 23)** in the amount of **$6,004.00**.

ENTERED on September 23, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE